UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUDRATULLAH TANAI,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-08725-DAD-AC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND TO APPOINT COUNSEL AS MOOT<br><br>(Doc. Nos. 2, 3, 4) |

On October 23, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, he filed a motion to proceed *in forma pauperis* (Doc. No. 2), motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). On October 27, 2026, the court issued an order indicating that it would construe the petition as including a motion for temporary restraining order, set a briefing schedule on that motion, and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current

briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On October 28, 2026, respondent filed an opposition to the pending motion. (Doc. No. 8.) Therein, respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) because he was originally released into the United States on parole. (*Id.* at 1.) Respondent has conceded that "this case fits into the category of cases in which the Court has found that petitioner's previous parole into the United States is more significant than the manner of entry." (*Id.*) Respondent does not oppose this court ruling directly on the merits of the petition (*id.*), and the court will do so.

Based on the parties' briefing, the court finds the following facts. On or about October 15, 2021, petitioner was paroled into the United States pursuant to the Operation Allies Refuge ("OAR") program.[1] (Doc. No. 8 at 5.) His parole was active through October 14, 2025, but petitioner remained in this country past that date. (*Id.*) On or about April 15, 2026, petitioner was transferred from local custody to ICE custody pursuant to an I-200 warrant, where he has remained to date. (Doc. Nos. 1 at ¶ 2; 8 at 5, 14.) There is no indication that petitioner was provided with advanced notice or a pre-deprivation hearing before he was transferred to ICE custody.

As an initial matter, respondent's assertion that § 1225(b)(2) authorizes petitioner's detention is undermined by the evidence that petitioner was arrested pursuant to an I-200 warrant, "which relies on the authority of 8 U.S.C. § 1226." *Asad v. Noem*, No. 26-cv-00620-MLP, 2026 WL 775628, at *2 (W.D. Wash. Mar. 19, 2026). The court incorporates its reasoning set forth in *Frantzcy v. Chestnut*, where it concluded that a petitioner who was previously paroled into the United States acquired a liberty interest in his prior release and the government violated due

/////

/////

---

[1] The OAR was "a U.S.-sponsored evacuation of Afghan nationals following the Taliban's takeover of" Afghanistan. *Arif v. Mullin*, No. 2:26-cv-01063-GJL, 2026 WL 1224088, at *1 (W.D. Wash. May 5, 2026).

process when it subsequently re-detained him without notice or a pre-deprivation hearing.[2] No. 1:26-cv-06404-DAD-CKD (HC), 2026 WL 2365351, at *2 (E.D. Cal. Aug. 14, 2026) (concluding that a petitioner would be entitled to immediate release irrespective of the statutory provision under which they were originally paroled into the United States). Accordingly, the court concludes that petitioner's re-detention without notice or a pre-deprivation hearing violates due process and will order his immediate release. *See also Khosti v. Blanche*, No. 26-cv-01788-KK-RAO, 2026 WL 1365961, at *2–4 (C.D. Cal. Apr. 22, 2026) (ordering the immediate release of a petitioner previously released into the United States pursuant to the OAR program after the government re-detained them without notice or a pre-deprivation hearing).

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Qudratullah Tanai, A-File No. 241-572-675, from respondent's custody under the same conditions, if any, he was subject to prior to his re-detention on or about April 15, 2026;

    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge at which hearing respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

---

[2] As noted above, respondent argues that this case is distinguishable from the cases identified in the court's order setting a briefing schedule on petitioner's motion because the petitioner in this case was released on parole. (Doc. No. 8 at 1.) The court has previously informed respondent's counsel that the court's order includes authority that involves a petitioner who was previously paroled and further asked counsel "to carefully read the court's orders and any cases cited therein before making" this exact same assertion in the future. *Frantzcy*, 2026 WL 2365351, at *2 n.4. The court is troubled by this attorney's decision to nonetheless make the same assertion again. Counsel for respondent is urged to refrain from doing so again. If this conduct, which wastes scarce judicial resources, continues the court may have no choice but to issue an order to show cause why sanctions should not be imposed.

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motions for a temporary restraining order and to appoint counsel (Doc. Nos. 3, 4) are DENIED as having been rendered moot by this order granting him habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE